**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID T. PHILLIPS; JANE T. PHILLIPS, | No.   20-70051 |
| Petitioners-Appellants, | Tax Ct. No.  7854-18L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

David T. Phillips and Jane T. Phillips appeal the decision of the Tax Court

holding that the Commissioner of Internal Revenue did not abuse its discretion by

rejecting their offer in compromise related to their 2012 and 2014 tax liabilities.

We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo questions

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of law, and for an abuse of discretion the Commissioner's rejection of an offer in compromise. *Keller v. Comm'r*, 568 F.3d 710, 716 (9th Cir. 2009). We affirm.

The Tax Court properly granted summary judgment because taxpayers failed to raise a genuine dispute of material fact as to whether the Commissioner's rejection of their settlement offer was an abuse of discretion. *See id.* at 717-18 (computational errors by the Commissioner in rejecting taxpayers' offer in compromise were not prejudicial and thus were not an abuse of discretion); *Fargo v. Comm'r*, 447 F.3d 706, 709-10 (9th Cir. 2006) (the IRS has discretion to decide whether to reject an offer in compromise after evaluating all facts and circumstances).

We reject taxpayers' contentions that the Commissioner abused its discretion by failing to comply with internal policies.

We do not consider taxpayers' arguments or allegations raised for the first time on appeal because taxpayers have failed to demonstrate exceptional circumstances. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1158 (9th Cir. 2007) ("Absent exceptional circumstances, this court will not consider an argument that was not first raised in the Tax Court.").

**AFFIRMED.**

20-70051